PAUL A. BOISVERT *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF SOUTH KINGSTOWN.

MARCH 5, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This petition for certiorari was brought to review a decision of the zoning board of review of the town of South Kingstown denying an application for permission to remove sand and gravel from certain property located within that town. The land that is the subject matter of the application is located on Saugatucket Road in the Peace

Dale section of that town and is designated as lot OL 39 on assessor's map No. 23. Pursuant to the writ the respondent board has certified the record in the case to this court.

It appears therefrom that on November 23, 1960 petitioner Boisvert and the owner of the said land joined in an application to the respondent board for an authorization to make such use of it pursuant to the provisions of the zoning ordinance. It is within an area of the town that has been classified for zoning purposes as a residence B district. Section IV of the zoning ordinance of the town prescribes the uses that may be made of land in a residence B district, and included therein is any use that is permitted in a residence A district.

The uses that may be made of land in a residence A district are prescribed in sec. III of the zoning ordinance. In subsec. 8 thereof provision is made for the authorization by the board of review of certain specified uses. This subsection reads in pertinent part: "Any of the following uses, provided it is not injurious, noxious, or offensive to the neighborhood, and only if authorized by the Board of Review * * *." One of the uses that may be authorized by the board pursuant to the provisions of subsec. 8 is set out in clause (e) thereof and reads: "Gravel, loam, sand, or stone removal * * *." The petitioners in the application specifically requested authorization for the use provided in said sec. III 8 (e).

It appears from the record that thereafter the board on three occasions heard objectors state the reasons upon which they based their objection to a grant of the application and engaged in some rather protracted discussions concerning the effect that the use would have, if permitted, on the neighborhood. At a meeting held on March 20, 1961 the board voted to deny the application, the decision appearing in the record as follows: "After discussion by the Board, the petition is denied, not only because of objections raised

but because the character of the entire area for the future use of the land would be seriously impaired. Mr. John Smith suggests that any members who have individual reasons for their vote, shold [sic] submit such reasons to the clerk for inclusion with the record. Mr. Jutras states if Browning land ever actually used, then Hurlbert land might be reconsidered, but that at the present, the area can be developed for better uses than a gravel bank."

In our opinion the language of the decision as it is thus set forth in the record warrants an inference that the board denied the application because it found that the use requested therein, if permitted, would be injurious to the neighborhood. We are strengthened in this view by the board's specific reference to the objections raised to a granting of the use and its reliance, in part, thereon in denying the application. These objections were, in substance, that the operation of gravel pits is a noisy and dusty business; that the existence of such pits impairs the value of surrounding land; that the operation thereof discourages the development of residential properties; and that with respect to this particular land the removal of the gravel would bring the ground level so close to the water table as to make the disposition of waste and sewerage a matter of difficulty.

It is clear from statements made in oral argument that the board considers the provisions of sec. III 8 to constitute special exceptions to the terms of the ordinance prescribed by the town council in its enactment thereof and that, pursuant to the applicable provisions of the enabling act, it has jurisdiction to hear and determine applications for the same. It is to be noted in this respect that the powers of the instant board of review do not derive from the pertinent provisions of the general enabling act, G. L. 1956, §45-24-19, but rather from a special enabling act, P. L. 1950, chap. 2490, which by its terms has application only to the town of South Kingstown.

The provisions of said chap. 2490 which relate to the powers of the instant board are contained in sec. 8 thereof. This section provides that the board of review in appropriate cases may "make special exceptions to the terms of any ordinance enacted under the authority of this act, in harmony with its general purpose and intent and in accordance with general or specific rules contained in such ordinance * * *." We do not perceive that any question has been raised in this case concerning the scope of the jurisdiction thus conferred upon the board with respect to the grant of the uses provided in sec. III 8 (e). The fact is that in their brief petitioners expressly disclaim any intent to contend that the board was acting in excess of its authority in the instant case.

The petitioners have briefed the precise contention upon which they rely in seeking to quash the decision of the board. They assert therein that the board members "in arriving at their decision, seemed to be swayed by the testimony of Mr. and Mrs. Lester F. Browning who possessed the right to remove gravel from 125 acres of land owned by them under Section VIII of the Zoning Ordinance." As we understand them, petitioners are asserting that the Brownings, who it appears from the record testified as objectors, operate a gravel pit on land owned by them by virtue of its being a nonconforming use. If this be so, it might well have an adverse effect upon the credibility of the Brownings and upon the weight to be given to their testimony as objectors. However, the adverse effect that their operation of a gravel pit might have upon the weight to be given to their testimony is a matter that is usually left to the discretion of the board of review. *Sweck* v. *Zoning Board of Review*, 77 R. I. 8.

In *Laudati* v. *Zoning Board of Review*, 91 R. I. 116, 161 A.2d 198, this court clearly stated the policy that we usually pursue with respect to evidentiary considerations when reviewing a zoning proceeding on certiorari. We said in that

case: "On certiorari in zoning proceedings this court ordinarily does not weigh the evidence but merely reviews the record to determine whether there is legal evidence to support the board's decision or whether such decision was arbitrary and an abuse of discretion." When it appears from such a record that there is competent evidence therein upon which the decision of the board may reasonably rest, it will not be held to have been arbitrary and to constitute an abuse of their discretion. As we have hereinbefore noted, there is evidence in this record from which it may be inferred reasonably that the use for which authorization here was sought would be injurious to the neighborhood. The board obviously so found and was thereby warranted in denying the application in view of the provisions contained in sec. III 8, and the denial of the application did not constitute an abuse of discretion.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the record in the case which has been certified to this court is ordered sent back to the respondent board with our decision endorsed thereon.

*Harold W. James,* for petitioners.

*William H. Leslie, Jr.,* Town Solicitor for Town of South Kingstown, for respondent.